UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JERRY G. WARE, | ) | CASE NO. 1:05 CV 1782 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OFFICER CONNLEY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 14, 2005, plaintiff pro se Jerry G. Ware filed the above-captioned action under 42 U.S.C. § 1983 against Richland County Jail Corrections Officer Connley, Corrections Officer Johnson, Jail Administrator E.D. Welch, and Captain Paxson. In the complaint, plaintiff alleges Officer Connley physically assaulted him. He seeks compensatory and punitive damages.

*Background*

Mr. Ware alleges that Officer Connley prodded him with a plunger while he was using the restroom, causing water from the toilet to splash on him. He claims he stood up and the officer then sprayed disinfectant on him. The disinfectant induced skin irritation which Mr. Ware contends left permanent scars. He states that when he asked Lieutenant Johnson for medical attention, she threatened to "put him in 'D' cell." (Compl. at 4.) He alleges this caused him mental

anguish which entitles him to damages for pain and suffering.

## *Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

There is no indication that Mr. Ware exhausted his administrative remedies with respect to each claim against each defendant named in the complaint. He attaches a copy of a jail grievance form which sets forth his claim against Officer Connley. There are no grievance forms containing the allegations against the other defendants.

In the past, this court would have dismissed the claims which are unexhausted and proceeded with the claims which comply with the requirements of §1997e. The United States Sixth Circuit Court of Appeals, however, recently adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d

801 (6th Cir. 2005). Under this rule, a complaint containing both exhausted and unexhausted claims must be dismissed in its entirety for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808. Because Mr. Ware has not demonstrated that he filed grievances for his claims against all of the defendants, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

### *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2005

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

3